# United States District Court for the Eastern District of Pennsylvania

| | | |
|---|---|---|
| Phyllis M. Weaver | : | |
| | : | |
| v. | : | Civil Action No. |
| | : | Jury Trial Demanded |
| Walgreen Company | : | |

## *Complaint*

Plaintiff, Phyllis M. Weaver, brings a series of claims against Defendant, Walgreen Company, of which the following is a statement:

### *Jurisdiction and Venue*

1. This Court has original jurisdiction to hear this Complaint and adjudicate the claims stated herein under 28 U.S.C. §§ 1331, 1343, 2201, 2202 and 42 U.S.C. §§ 2000d-2, 2000e-5(f), this action being brought under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000d and 2000e et seq., the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq., the Civil Rights Act of 1866, 42 U.S.C. § 1981 ("Section 1981"), and the Civil Rights Act of 1991, Pub. L. 102-166, 105 Stat. 1071 (Nov. 21, 1991), to redress and enjoin the discriminatory practices of defendant.

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b).

3. Ms. Weaver timely filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), received a Notice of Right to Sue ("NRTS") from the EEOC, and has commenced this action within 90 days of receipt of the NRTS.

### *The Parties*

4. Plaintiff, Phyllis M. Weaver, is an African-American female citizen of the United States and a resident of the State of North Carolina.

5. Defendant Walgreen Company ("Walgreens"), headquartered in Illinois, is the second largest pharmacy store chain in the U.S. It specializes in filling prescriptions, health and wellness products, health information, and photo services. It has places of business throughout the U.S.

6. The acts set forth in this Complaint were authorized, ordered, condoned, ratified and/or done by defendant's officers, agents, employees and/or representatives while actively engaged in the management of defendant's business.

### *Background Facts*

7. Defendant hired Ms. Weaver on August 21, 2008 as a Pharmacist.

8. Ms. Weaver has a disability within the meaning of the ADA due to her Generalized Anxiety Disorder, Major Depressive Disorder, Chronic Post Traumatic Stress Syndrome, Systemic Lupus, Erythematosus, Fibromyalgia, Raynaud's Syndrome and Migrane Headaches, all of which were known to defendant.

9. Ms. Weaver first requested a reasonable accommodation in 2014. Without justification, defendant denied Ms. Weaver's request.

10. In August 2017, Ms. Weaver was the victim of an armed robbery while working for defendant, which included having a gun held to her head for 15 minutes. This incident exacerbated Ms. Weaver's pre-existing medical conditions and resulted in further disabilities.

11. After the incident, Ms. Weaver was out from work on Short Term Disability until December 26, 2017.

12. Upon her return to work, Ms. Weaver experienced consistent race and disability discrimination and harassment and was subjected to hostile work conditions.

13. In May 2018, during a conversation with her supervisor, Ms. Weaver again requested a reasonable accommodation, and again, without justification, defendant denied her request. Moreover, her Pharmacy Manager told Ms. Weaver he did not care what her medical issues might be, that she was not performing the duties of her position, and that he intended to terminate her employment.

14. To the contrary, Ms. Weaver always satisfactorily performed her job duties, despite her disabilities and despite defendant's refusals to provide her with a reasonable accommodation.

15. Ms. Weaver provided defendant with evidence of her disabilities from a health care professional, as well as suggested reasonable accommodations, such as avoiding working back-to-back shifts, providing an assistant to her during overnight shifts, and moving her to a different location (rather than making her continue to work in the store in which she was robbed).

16. Defendant treated Ms. Weaver different and worse than her non-Black co-workers with respect to the performance of her job duties, and resorted to false comparisons of her job performance in order to attempt to create justification for her termination.

17. Defendant terminated Ms. Weaver's employment on September 6, 2018, allegedly for violating defendant's Pharmacy and Healthcare Professionals Commitment to Compliance Policy and Safe Medication Disposal Program Policy. However, Ms. Weaver was not aware of or trained on either of those policies.

18. Defendant terminated Ms. Weaver's employment because of her race and her disability, perceived disability or record of having been disabled.

19. Defendant terminated Ms. Weaver's reemployment in retaliation for having requested reasonable accommodations.

20. Ms. Weaver was able to perform all of the functions of her position other than those for which she required an accommodation.

21. Defendant's actions described above constitute discrimination against her because of her race and disability and retaliation for having exercised her rights under the ADA to complain about defendant's harassment and discrimination.

22. Ms. Weaver has suffered, is now suffering and will continue to suffer emotional distress, mental anguish, loss of enjoyment of life and other non-pecuniary losses as a direct and proximate result of defendant's discrimination, harassment and retaliation.

23. By reason of defendant's discrimination and retaliation, Ms. Weaver suffered extreme harm, including loss of income and other employment benefits, loss of professional opportunities, embarrassment and humiliation.

24. Defendant acted and failed to act willfully, maliciously, intentionally and with reckless disregard for Ms. Weaver's rights.

### *Count I*

### *The Civil Rights Act of 1866, 42 U.S.C. §1981*

25. Plaintiff restates and realleges paragraphs 1-24, inclusive, as though set forth here in full.

26. Ms. Weaver had a federal statutory right under the Civil Rights Act of 1866, 42 U.S.C. §1981 ("Section 1981"), as amended, to be accorded the same rights as were enjoyed by White employees with respect to the terms and conditions of their employment relationship with

defendant and to the enjoyment of all benefits, privileges, terms and conditions of that relationship.

27. Defendant's conduct described above deprived Ms. Weaver of the rights, privileges and immunities guaranteed to her under Section 1981.

28. By reason of defendant's conduct, Ms. Weaver is entitled to all legal and equitable relief available under Section 1981.

### *Count II*

### *Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§2000d and 2000e et seq.*

29. Plaintiff restates and realleges paragraphs 1-28, inclusive, as though set forth here in full.

30. Ms. Weaver had a federal statutory right under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§2000d and 2000e et seq. ("Title VII"), to be accorded the same rights as were enjoyed by White employees with respect to the terms and conditions of their employment relationship with defendant and to the enjoyment of all benefits, privileges, terms and conditions of that relationship.

31. Defendant's conduct deprived Ms. Weaver of the rights, privileges and immunities guaranteed to her under Title VII.

32. By reason of defendant's conduct, Ms. Weaver is entitled to all legal and equitable relief available under Title VII.

### *Count III*

### *The Americans With Disabilities Act, 42 U.S.C. §12101 et seq.*

33. Plaintiff restates and realleges paragraphs 1-32, inclusive, as though set forth here in full.

34. Defendant discriminated and retaliated against Ms. Weaver, a qualified individual with a disability, by failing to make reasonable accommodations to her known limitations, and by otherwise discriminating and retaliating against her because of her disability, in violation of the Americans With Disabilities Act, 42 U.S.C. §§ 12111-12117.

35. Defendant's conduct was intentional, deliberate, willful and in callous disregard of Ms. Weaver's rights.

36. By reason of defendant's discrimination and retaliation, Ms. Weaver is entitled to all legal and equitable relief available under the ADA.

### *Jury Demand*

37. Ms. Weaver hereby demands a trial by jury as to all issues so triable.

### *Prayer for Relief*

Wherefore, Plaintiff, Phyllis M. Weaver, respectfully prays that the Court:

a. adjudge, decree and declare that defendant engaged in illegal discrimination and retaliation, and that the actions and practices of defendant complained of herein are violative of her rights under Section 1981, Title VII and the ADA;

b. order defendant to provide appropriate job relief to Ms. Weaver, including reinstatement;

c. enter judgment in favor of Ms. Weaver and against defendant for all available remedies and damages under law and equity, including, but not limited to, back pay, front pay, reinstatement, past and future mental anguish and pain and suffering, in amounts to be determined at trial;

d. order defendant to pay the attorney's fees, costs, expenses and expert witness fees of Ms. Weaver associated with this case;

e. grant such other and further legal and equitable relief as may be found appropriate and as the Court may deem just or equitable; and

f. retain jurisdiction until such time as the Court is satisfied that defendant has remedied the unlawful and illegal practices complained of herein and is determined to be in full compliance with the law.

*[signature]*
Robert T Vance Jr
Law Offices of Robert T Vance Jr
100 South Broad Street, Suite 1525
Philadelphia PA 19110
215 557 9550 tel / 215 278 7992 fax
rvance@vancelf.com

*Attorney for Cynthia M. Weaver*