UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:23-CV-00063-BO-RN

PHYLLIS M. WEAVER, )
)
    Plaintiff, )
v. ) ORDER
)
WALGREEN COMPANY, )
)
    Defendant. )

This cause comes before the Court on defendant's motion [DE 20] to dismiss, and plaintiff's motion [DE 24] for leave to file on paper.

## BACKGROUND

Plaintiff started working for Walgreens as a pharmacist in 2008. In 2014, she requested accommodation for various disabilities, but Walgreens denied her claim. In 2017, Walgreens was robbed, and one of the robbers held a gun to plaintiff's head for fifteen minutes. The trauma allegedly exacerbated her disabilities, and she took some time off work. When she returned, plaintiff allegedly suffered adverse employment action due to her race and disabilities. On September 6, 2018, Walgreens fired her for violating their "Pharmacy and Healthcare Professionals Commitment to Compliance Policy and Safe Medication Disposal Program Policy."

On February 4, 2019, plaintiff filed a Charge of Discrimination with the United States Equal Employment Council (EEOC). Her charge was dismissed. The EEOC mailed plaintiff notice of the dismissal and her right-to-sue notice on September 20, 2019.

Plaintiff filed suit in the Eastern District of Pennsylvania on December 27, 2019. She claims that Walgreens violated the Americans with Disabilities Act, Title VII of the Civil Rights

Act of 1964, and 42 U.S.C. § 1981 when it allegedly failed to provide reasonable accommodation and terminated her employment. On February 23, 2021, Judge Gallagher ordered the case be transferred to this district. For reasons that remain unclear, the case was not transferred until February 10, 2023.

## DISCUSSION

This case is now before the Court on two motions: (1) defendant's motion [DE 20] to dismiss, and (2) plaintiff's motion [DE 24] for leave to file on paper. For good cause shown, plaintiff's motion [DE 24] will be granted, and the Court will consider plaintiff's response to defendant's motion to dismiss.

Because the ninety-day filing requirement is a jurisdictional prerequisite for filing a complaint under the ADA and Title VII, defendant argues plaintiff's complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1). *See, e.g.*, *Robinson v. N. Carolina Emp. Sec. Comm'n*, No. 09-cv-00088, 2009 WL 3526495, at *4 (W.D.N.C. Oct. 23, 2009).

Defendant argues that plaintiff's complaint was untimely. "It is well-settled that Title VII allows an aggrieved party ninety days after receipt of a right-to-sue notice to file a civil action. A claimant who fails to file a complaint within the ninety-day time period generally forfeits his right to pursue a claim." *Foster v. US Airways, Inc.*, No. 3:15-cv-00128, 2015 WL 4756411, at *2 (W.D.N.C. June 23, 2015) (citing *Baldwin Cty. Welcome Ctr. v. Brown*, 466 U.S. 147, 149-51 (1984)). Courts strictly enforce this requirement. *See Harvey v. City of New Bern Police Dep't*, 813 F.2d 652, 654 (4th Cir. 1987) (affirming summary judgment against plaintiff who missed filing by one day).

The ninety-day limitations period begins on the date of receipt, actual or constructive, of the EEOC's right-to-sue notice. *See Watts-Means v. Prince George's Family Crisis Ctr.*, 7 F.3d

2

Case 5:23-cv-00063-BO-RN    Document 26    Filed 06/27/23    Page 2 of 4

40, 42 (4th Cir. 1993). Therefore, determining the date of receipt is "critical in determining the commencement of the 90-day period." *Nguyen v. Inova Alexandria Hosp.*, 187 F.3d 630 (4th Cir. 1999).

The exact date that plaintiff received the notice is unknown. When there is no evidence of actual receipt, plaintiff is presumed to have received it three days after it was mailed. Fed. R. Civ. P. 6(d); *Baldwin County Welcome Center*, 466 U.S. at 148. Thomas M. Colclough, the Acting District Director of the EEOC, certified that the notice was mailed on September 20, 2019. [DE 24-3]. That means plaintiff presumably received the notice on September 24, 2019, three days after it was mailed. [DE 21-2 at 2]. The ninety-day filing period ended on December 23, 2019. Plaintiff filed her complaint on December 27, 2019, four days after the deadline. Therefore, the complaint was untimely and must be dismissed.

Plaintiff raises three arguments in an unsuccessful attempt to rebut the presumed date of receipt. First, plaintiff's counsel provided a sworn declaration that he did not receive the notice until October 2019. [DE 24-2]. But counsel provides no evidence of when *plaintiff* received the notice.

Second, counsel argues that plaintiff did not receive the notice on September 24, 2019, because the EEOC mailed it to the wrong address in Clayton, North Carolina. Counsel claims plaintiff sold the Clayton property in July 2019, but on a Designation Form dated December 23, 2019, counsel indicated that plaintiff still lived in Clayton, North Carolina. [DE 1-1 at 2]. This Court has no evidence the EEOC sent the notice to the wrong property.

Third, plaintiff points to a handwritten note on the notice that says, "cwentred [sic] 10/3/19". According to plaintiff, that note demonstrates that the notice was not mailed until

3

October 3, 2019. However, it is unclear who wrote the note or what it means. Without further context, the Court cannot conclude that the note was actually written on 10/3/19.

In sum, plaintiff's arguments do not rebut the presumption that the notice was mailed on 9/20/19. Therefore, plaintiff's complaint is untimely and must be dismissed. *Taylor v. Potter*, 355 F. Supp. 2d 817, 819 (M.D.N.C. 2005).

## CONCLUSION

For the foregoing reasons, plaintiffs' motion [DE 24] for leave to file on paper is GRANTED. Defendant's motion [DE 20] to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) is GRANTED. The remaining portions of that motion are DENIED AS MOOT. The Clerk is DIRECTED to close the case.

SO ORDERED, this 26 day of June, 2023.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE